**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                              6500 Cherrywood Lane
TIMOTHY J. SULLIVAN                                Greenbelt, Maryland 20770
CHIEF MAGISTRATE JUDGE                        Telephone: (301) 344-3593

May 8, 2026

LETTER TO COUNSEL:

RE:   *Alkein C. v. Frank Bisignano, Commissioner of Social Security*[1]
        Civil No. TJS-25-1310

Dear Counsel:

On April 22, 2025, Plaintiff Alkein C. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 12, 13 & 14), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will remand the case for further proceedings. This letter explains my rationale.

Alkein C. filed his applications for DIB and SSI on December 20, 2020. Tr. 17. In both applications, he alleged a disability onset date of March 1, 2020. *Id.* His applications were denied initially and upon reconsideration. *Id.* At his request, a hearing was held before an Administrative Law Judge ("ALJ") on January 30, 2024. Tr. 17, 36-59. In a written decision dated March 13, 2024, the ALJ found that Alkein C. was not disabled under the Social Security Act. Tr. 14-35. The Appeals Council denied Alkein C.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Alkein C.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Alkein C. has not engaged in substantial gainful activity since March 1, 2020 (the alleged onset date). Tr. 20. At step two, the ALJ found that Alkein C. suffered from the following severe impairments: degenerative disc disease with radiculopathy, essential hypertension, asthma, affective mood disorder, anxiety disorder, and posttraumatic stress disorder. *Id.* At step three, the ALJ found that Alkein C.'s impairments, separately and in combination, failed to meet or equal in severity any

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20-23. The ALJ determined that Alkein C. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally climb ropes, ladders, and scaffolds. He must avoid moderate exposure to fumes, odors, dusts, and gases; and concentrated exposure to hazards, such as dangerous machinery and unprotected heights and parts. The claimant can perform simple, routine tasks with *no production rate for pace of work (e.g., assembly-line work)*. He can tolerate occasional interaction with the general public, co-workers, and supervisors.

Tr. 23 (emphasis added).

At step four, the ALJ determined that Alkein C. could not perform any past relevant work. Tr. 28. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Alkein C. could perform, including price marker, textile worker, grader sorter, optical assembler, and toy and equipment assembler. Tr. 29-30. Accordingly, the ALJ found that Alkein C. was not disabled under the Social Security Act. Tr. 30.

Alkein C. argues that substantial evidence does not support the ALJ's decision because the ALJ set forth an inadequate hypothetical to the VE by failing to define "production rate for pace of work, i.e., assembly line work." ECF No. 12 at 7-12 (citing, *inter alia*, *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548 (4th Cir. Jan. 7, 2025) (unpublished); *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019)); *see* Tr. 56. The Commissioner contends that the ALJ's RFC assessment provides sufficient context by the example of "no assembly-line work." ECF No. 13 at 6-11.

The Court concludes that substantial evidence does not support the ALJ's decision. *See, e.g.*, *Madison S. v. Bisignano*, No. DRM-24-2982, 2025 WL 3157635, at *3 (D. Md. Nov. 12, 2025) (remanding because ALJ's use of terms "fast-paced production" and "fast-paced assembly line work or high-volume piecemeal quotas" did not provide sufficient information for court to discern intended meaning). The ALJ's use of the term "assembly-line work" "does not provide sufficient information for the Court to discern its intended meaning, making it effectively impossible to evaluate whether the decision is supported by substantial evidence." *Id.* (citing *Trena Sue Y. v. Kijakazi*, Civil No. DLB-20-1075, 2021 WL 4034264, at *4 (D. Md. Sept. 3, 2021); *Thomas*, 916 F.3d at 311-12). In *Linger*, "the Fourth Circuit held that the phrase 'no fast paced production requirements such as assembly line work or piecemeal quotas' did not build an accurate and logical bridge from the evidence to the ALJ's conclusion because 'the ALJ said nothing about Linger's ability to perform them for a full workday, given the moderate limitations in Linger's ability to concentrate, persist, or maintain pace and moderate limitations in remembering information.'" *Id.* (quoting *Linger*, 2025 WL 40548, at *5 (citing *Mascio*, 780 F.3d at 636)). Accordingly, remand is appropriate. *See id.*; *accord Al-Nissa J. v. Bisignano*, No. DRM-25-1593, 2026 WL 1088433, at *3-5 (D. Md. Apr. 21, 2026) (remanding because ALJ's example of "assembly line work or an hourly production quota" failed to clarify meaning of term "specific

production rate pace"); *Travis C. v. Bisignano*, No. DRM-24-3724, 2026 WL 797031, at *3-5 (D. Md. Mar. 23, 2026) (remanding because term "not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas" was not defined by regulation and was susceptible to varying interpretations (citing, *inter alia*, *Linger*, 2025 WL 40548, at *4; *Thomas*, 916 F.3d at 312)). *But see Autumn C. v. Bisignano*, No. EA-25-1592, 2026 WL 1072758, at *5-7 (D. Md. Apr. 20, 2026).

For these reasons, pursuant to sentence four of 42 U.S.C.§ 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
Chief United States Magistrate Judge

3